CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM EDWARD HILL,<br>Plaintiff, | Civil Action No. 7:06-CV-00687 |
| v. | **MEMORANDUM OPINION** |
| BOTETOURT CORR. CTR.,<br>Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff William Edward Hill, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Hill alleges that he is classified at a higher security level and consequently placed in administrative segregation due to a pending assault charge on his record. Hill does not claim innocence of this charge, but rather, that because the charge was mis-coded in his prison records, the charge should be dismissed. He claims his due process rights have been violated and that they have subjected him to cruel and unusual punishment. As relief, Hill seeks dismissal of his charge of simple assault on a non-inmate. The court finds that Hill's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

On August 24, 2006, Hill was charged with simple assault of a non-inmate while housed at Botetourt Correctional Center ("BCC"). If convicted, Hill faces 30 days isolation and 180 days loss of good time credit. On October 4, 2006, Hill was transferred to Red Onion State Prison ("ROSP"), where he was placed in general detention upon arrival. On October 6, 2006, ICA recommended that he remain

---

[1] Furthermore, the court notes that it does not appear that Hill has exhausted his administrative remedies. Under the Department of Operating Procedure 866-7.14(1) para.3: "In cases where the inmate has been transferred, the inmate should submit the grievance to the institution where the complaint occurred." In addition, the court recognizes that BCC is not a proper defendant to an action brought pursuant to § 1983. However, the court will not grant Hill additional time to submit evidence of exhaustion or to amend his complaint to name a proper defendant because his claims nevertheless fail to state a claim.

in segregation based on his August 24, 2006 charge of assault while at BCC. He alleges that his charge has been improperly coded in his file. Hill explains that while he is charged with "simple assault of a non-inmate," the code listed in his file is "239B," and argues that the "description of the offense title doesn't support the offense code." According to Hill, a 239B is a simple assault of another inmate, while a 239A is a simple assault of a non-inmate. Hill claims that because his charge is "improperly coded," the charge should be dropped, he should be reclassified, and he should not lose good time credits. Hill does not claim innocence. He states that he has a hearing on this charge set for January 23, 2007, for which he has legal representation.

Hill has filed grievances with ROSP to have his charge properly coded. Hill has not submitted evidence that he has exhausted his administrative remedies at BCC.

## II.

Hill claims that his security classification and consequential confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his

2

original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Hill has failed to state a claim of constitutional magnitude as to his due process claim.

### III.

Hill also claims that his assignment to a segregation unit amounts to cruel and unusual punishment in violation of the Eighth Amendment. To establish an Eighth Amendment living conditions claim, Hill must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While segregation conditions may be inconvenient, uncomfortable, and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

### IV.

Based on the foregoing, Hill has not presented any claims on which relief can be granted. Therefore, Hill's complaint if dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 14th day of December, 2006.

_____
United States District Judge